**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOSIR ALIEV,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et. al.,<br><br>                              Respondents. | Case No.:  26-cv-2123-BJC-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Nosir Aliev, a citizen of Russia and Tajikistan, entered the United States on September 14, 2022.  ECF No. 1 ¶ 12.  He was released shortly after his initial detention.  *Id*. ¶ 3. Petitioner filed an I-589 Application for Asylum and Withholding of Removal and has a valid work permit.  *Id*. ¶ 4.  On March 18, 2025, an Immigration Judge ordered Petitioner's removal, and Petitioner timely appealed this decision. *Id*. ¶ 5. Respondents re-detained Petitioner in the state of New Jersey on September 27, 2025.  *Id*. ¶ 25.  Petitioner is currently detained at the Imperial Regional Adult Detention Facility.  *Id*. ¶ 27.

On April 3, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Respondents filed a response on April 14, 2026.  ECF No. 5.

//

//

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention violates the Administrative Procedures Act ("APA") and the Due Process Clause of the Fifth Amendment. ECF No. 1 at 21-22. Respondents do not address Petitioner's arguments. Instead, Respondents contend Petitioner is subject to detention under 8 U.S.C. § 1225, but they acknowledge courts in this district have reached the opposition conclusion.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates the APA and due process rights.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are directed to return all of Petitioner's seized personal property, including any government-issued identification or immigration documents, such as a state driver's license or Employment Authorization Document (EAD) to the extent such items were seized and remain in Respondents' possession. Respondents are enjoined from re-

26-cv-2123-BJC-BLM

detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: April 14, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2123-BJC-BLM